The document below is hereby signed.

Signed: May 1, 2015



S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                         )
                              )
ALICIA MARIA DORSEY,          )     Case No. 15-00038
                              )     (Chapter 7)
            Debtor.           )     **Not for Publication in**
                              )     **West's Bankruptcy Reporter**

MEMORANDUM DECISION AND ORDER DENYING
<u>MOTION TO EXTEND TIME TO APPEAL DISMISSAL ORDER</u>

On February 13, 2015, after a hearing at which the debtor

was represented by counsel, the court entered an order dismissing

this case under chapter 7 of the Bankruptcy Code (11 U.S.C.),

with prejudice for a period of two years.  The court found that

the debtor had filed the case in bad faith, after a series of

prior bankruptcy cases and unsuccessful efforts elsewhere to

stymie enforcement of a mortgage on the debtor's Moores Plains

Boulevard property.  At the hearing, the debtor's counsel

acknowledged that the purpose of this filing was to stave off a

scheduled foreclosure of the debtor's Moores Plains Boulevard

property and provide additional time to pursue a request for a

loan modification.  The debtor lacked adequate income or other

resources with which to utilize any of the tools of the

Bankruptcy Code to address the mortgage on that property.  The
court's dismissal order made clear that although the dismissal
was with prejudice for two years, the court would look favorably
on a motion to make the dismissal without prejudice if a mortgage
foreclosure sale were completed.

The debtor now seeks to appeal the dismissal order.[1]
Pursuant to Fed. R. Bankr. P. 8002(a)(1), a notice of appeal must
be filed within 14 days after entry of the order being appealed.
Accordingly, the deadline for filing a notice of appeal of the
dismissal order was February 27, 2015.  On March 6, 2015, twenty-
one days after entry of the dismissal order, the debtor filed a
motion, signed by the debtor but not by her counsel, requesting
an extension of the time to appeal the dismissal order together
with a notice of appeal.

Rule 8002(d) provides that the bankruptcy court may extend
the time to file a notice of appeal upon a party's motion, filed
within 21 days after the time prescribed by the rule, if the
party shows excusable neglect.  As explained in more detail
below, the debtor's motion fails to establish excusable neglect
for not filing a timely notice of appeal, and I will deny the

---

[1]  There remains a $274.00 balance owed on the $335.00 in
filing fees for the bankruptcy case, and the debtor is delinquent
in paying two of her three remaining installments of those filing
fees.  In the event the dismissal order is overturned or vacated,
the case would be subject to dismissal anew on the grounds of the
unpaid filing fees.  The debtor has, however, paid the fees
required for filing a notice of appeal.

motion accordingly.

The Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), identified several factors relevant to the determination of whether an untimely filing ought to be allowed based on a finding of excusable neglect.  Those factors include: "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395.

First, there were no unique circumstances preventing the debtor from filing the notice of appeal within the applicable 14-day time period.  The debtor claims that she was overwhelmed by proceedings outside of the bankruptcy case regarding modification of her mortgage and the scheduling of a foreclosure sale.  However, she was well aware of the order dismissing the case, was represented by counsel when the court announced its decision to dismiss the case, and had timely pursued appeals in other bankruptcy cases.  Accordingly, I conclude that the filing of a timely notice of appeal was within the reasonable control of the debtor and is a factor weighing against a finding of excusable neglect.

Second, allowing the debtor to pursue the appeal out of time

will prejudice creditors by imposing on them further delay,
albeit of only 7 days.[2]  The debtor, by contrast, will be
prejudiced by a denial of her motion only in the limited sense
that she will not be allowed to pursue the appeal: on the merits
of the appeal, she is highly unlikely to prevail, and she has not
sought a stay pending appeal and almost certainly would not be
entitled to one, with the appeal becoming moot upon the
completion of a foreclosure sale.  Although it must be
acknowledged that seven days is not a major delay, it is another
example of the delays caused by the debtor in this case that have
been detrimental to the interests of creditors.

Finally, the debtor did not pursue this case in good faith,
and the untimely filing of a notice of appeal, to pursue an
appeal that would likely fail on the merits, is another example
of the debtor's relentless efforts to delay her mortgagee's
ability to foreclose.  In her motion, the debtor argues:

> 4.  Debtor avers that the bankruptcy petition was
> filed in good faith as she cannot fully pay debts out of
> her current assets. The debtor voluntarily filed the
> petition in an effort to receive a fresh start.

However, the debtor was not eligible for a chapter 7 discharge or
a discharge under chapter 11 of the Bankruptcy Code, and, it is

---

[2]  The nature of the delay to creditors is that, if the
appeal were to be successful, the debtor's delay in filing the
notice of appeal will have delayed the time when the debtor would
be required to pursue steps in the bankruptcy case to address the
debts owed her creditors.

unclear whether the debtor met the debt limitations of 11 U.S.C. § 109(e) for a chapter 13 case (something that would be difficult to ascertain because the debtor failed to file schedules).  Even if the debtor met the chapter 13 debt limits, she has inadequate means with which to use the tools of chapter 13 permitting a debtor to address mortgage defaults: she has inadequate income to cure the arrears on her mortgage and to maintain regular monthly payments.  Conversion to chapter 13 after the case lingered in chapter 7 would have imposed further delay on creditors.  The case was plainly filed to buy time while the debtor attempted to obtain a loan modification, not for a bona fide bankruptcy purpose.  Chapter 7 provides no tools to modify a mortgagee's rights other than the automatic stay of 11 U.S.C. § 362(a) (and the grounds of dismissal of the case would have supported lifting the automatic stay).  The debtor had inadequate means with which to successfully pursue a case under chapter 11 or chapter 13 of the Bankruptcy Code.  The debtor challenged the validity of the mortgage debt, but if the mortgage were invalid, that would be grounds in a nonbankruptcy forum for obtaining an injunction against foreclosure.  The debtor's previous efforts in that regard had not been successful, leading her to use a bankruptcy petition to obtain the benefit of the automatic stay in order to stymie the mortgagee's foreclosure efforts, and to buy time to pursue a loan modification.

Not only did the debtor file this case in bad faith, she also failed to fulfill the basic obligations of a debtor after the case was filed.  She has missed two installment payments on her filing fee, amounts that remain unpaid notwithstanding that the debtor had sufficient funds on hand to pay the fee for filing a notice of appeal.  More importantly, the debtor not only failed timely to file schedules and a statement of financial affairs, she never filed any at all, and after that failure persisted past 45 days after the commencement of the case, that made the case subject to automatic dismissal under 11 U.S.C. § 521(i).[3]

The good faith inquiry here is not solely a subjective issue.  It also entails an objective inquiry into whether the debtor has filed her bankruptcy case without any tools available to the debtor, in her income situation, to modify the rights of her mortgagee.  The filing of this chapter 7 case was not in good faith, and the debtor ought not be permitted to impose further unjustified delay on her creditors by pursuing an untimely, and likely meritless, appeal of a matter that was itself commenced and pursued in bad faith.

Balancing all of these factors, I conclude that it would be

---

[3]  Without schedules filed, listing the debtor's assets and debts, it would be difficult, if not impossible, for the court to ascertain the level of the debtor's secured debts and unsecured debts.  That, in turn, would interfere with the court's ability to ascertain whether the debtor has debts that do not exceed the debt limitations for a chapter 13 case set forth in 11 U.S.C. § 109(e).

6

inequitable to treat the debtor's delay as excusable neglect.  It
is thus

ORDERED that the motion (Dkt. No. 44) is DENIED.

[Signed and dated above.]

Copies to: Debtor; Recipients of e-notification of filings.