The document below is hereby signed.

Signed: June 11, 2015



*S. Martin Teel, Jr.*
*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ALICIA MARIA DORSEY, | ) | Case No. 15-00038 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER RE DEBTOR'S MOTION FOR EQUITABLE
RELIEF FROM ORDERS PURSUANT TO FED. R. CIV. P. 60(b)(4) AND (6)

The debtor, referring to herself as appellant, has filed a motion pursuant to Fed. R. Civ. P. 60(b)(4) and (6), made applicable in this court by Fed. R. Bankr. P. 9024, for relief from this court's *Order Denying Motion to Extend Time to Appeal Dismissal Order*. The order in question denied the debtor's request for an extension of the deadline to file a notice of appeal under Fed. R. Bankr. P. 8002(d).[1] The debtor's motion under Rule 9024 contends that the *Order Denying Motion to Extend Time to Appeal Dismissal Order* is void because the bankruptcy

---

[1] The provision of the Federal Rules of Bankruptcy Procedure governing extensions of time for filing appeals was previously found at Fed. R. Bankr. P. 8002(c). That provision was amended and renumbered as part of the 2014 Rule amendments, and is now set forth in Fed. R. Bankr. P. 8002(d).

court lacked jurisdiction to decide the motion. According to the debtor, this court was divested of jurisdiction to decide her motion to extend under Rule 8002(d) because the notice of appeal of the dismissal order had already been docketed with the district court by the time the bankruptcy court disposed of the motion to extend. On that basis, the debtor asks this court to vacate the order denying the motion to extend and allow her appeal to move forward.

I

Federal Rule of Bankruptcy Procedure 8002(a)(1) provides that a notice of appeal must be filed "with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Rule 8002(d), in turn, specifies the circumstances under which *the bankruptcy court* may extend the deadline for filing a notice of appeal. In apparent recognition of the untimeliness of her notice of appeal, the debtor filed with her notice of appeal a motion to extend the deadline applicable *in the bankruptcy court* for filing a notice of appeal. By denying the debtor's motion to extend the deadline for filing a notice of appeal, this court did not purport to dismiss or otherwise adjudicate the debtor's appeal. The bankruptcy court's consideration was limited to the question of whether the debtor's untimely filing of the notice of appeal *with this court* was the product of excusable neglect such that the debtor was entitled to

relief *in this court* with respect to the filing deadlines established by Fed. R. Bankr. P. 8002.[2]  The debtor's motion to extend under Rule 8002(d) was properly filed in and disposed of by the bankruptcy court.  *See In re Poddar*, 507 Fed. Appx. 773, 775 (10th Cir. 2013) (citing to Rule 8002 in support of its holding that only the bankruptcy court has the authority to extend the time for filing an appeal based on excusable neglect). *See also In re Coleman*, 429 B.R. 387, 390 (D.D.C. 2010) (explaining that parties who fail timely to file a notice of appeal may move the bankruptcy court for an extension of that time under Rule 8002).

The debtor's motion also asks this court to vacate its judgment dismissing the debtor's motion to extend time as moot. No such judgment was entered by the court.  The court did, however, dismiss a motion (Dkt. No. 64) filed by the United States Trustee seeking to strike the debtor's motion for an extension of time.  To the extent the debtor's request to vacate is directed at the court's order dismissing the United States Trustee's motion to strike as moot, the debtor has asserted no

---

[2]  The debtor also contends that the dismissal order is interlocutory because it left open the possibility that the debtor would be permitted, in pursuing a subsequent bankruptcy filing, to terminate the dismissal as being with prejudice. Whether the order being appealed is interlocutory is an issue not properly before this court and is a matter that the debtor must raise, if at all, with the district court in the prosecution of her appeal.

3

meritorious grounds in support of such relief.

II

The debtor having failed to raise any meritorious grounds for vacating this court's *Order Denying Motion to Extend Time to Appeal Dismissal Order* or the court's *Order Dismissing Motion as Moot*, it is

ORDERED that the debtor's *Motion for Equitable Relief From Orders Pursuant to Fed. R. Civ. P. 60(b)(4) and (6)* (Dkt. No. 70) is DENIED.

[Signed and dated above.]


Copies to: Debtor; recipients of e-notification of filings.